## PRINTING UTILITIES CO. v. INTERNATIONAL HARVESTER CO.

(Circuit Court of Appeals, Seventh Circuit. March 21, 1925. Rehearing Denied May 21, 1925.)

No. 3395.

Patents ⬤➡328—Bruegmann patent, No. 983,-675, for improved printer's register hook, held not infringed.

Breugmann patent, No. 983,675, for improved printer's register hook, consisting of device for clamping printing plate on bed of printing press, *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Printing Utilities Company against the International Harvester Company for infringement of Bruegmann patent No. 983,675. Decree for defendant, and plaintiff appeals. Affirmed.

George P. Fisher, of Chicago, Ill., for appellant.

Wm. R. Wood, of Cincinnati, Ohio, for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Appellant, the assignee of a patent granted to William F. Bruegmann for an "improved printer's register hook," brought suit for the infringement of the ninth claim. The defenses of invalidity and noninfringement are set up in the answer. The trial court did not pass upon the question of validity, but held that the appellant failed on the issue of infringement.

The patent relates to a device for clamping a printing plate on the bed of a printing press, generally a flat bed. The devices found in the art prior to Bruegmann's entry into it disclose the main features of construction suitable for the purpose intended. These devices show a bed or base which is supported on the printing press and which has a series of walled grooves countersunk into the surface of the bed deep enough to contain clamping hooks. The grooves have racks extending longitudinally therein, to be engaged by motion transmission mechanism, held in the body of the hook. The hook is placed in the groove to bring about the thread or tooth engagement between the stationary and movable parts, and on top of the hook is a jaw for clamping the edge of the printing plate.

Each element of the ninth claim is old in the art, and the invention is said to reside in the combination of these elements. Appellant urges that appellee has appropriated the last element "means for holding the worm up to its work." In ascertaining what the patentee conceived and described in his patent, we are to look, not only to the claim, but also to the specifications and drawings. In many cases the real invention is to be found in the specifications and drawings, and the language of the claim is to be construed in the light of what is there shown and described. The ninth claim reads:

"In a device for the purpose described, the combination of a base having a channel, a body movable longitudinally of the channel and having means for engaging the plate, a rack bar arranged lengthwise of the channel, a worm journaled in the body on an axis lengthwise of the channel and adapted to be moved into and out of engagement with said bar at any position of the body with respect

to the length of the channel, an arbor projecting through the upper face of the body and adapted to be rotated, beveled gears connecting said arbor and worm together, and means in the channel opposite the rack bar for engagement with portions of the body for holding the worm up to its work against the rack bar."

· In his specifications Bruegmann says:

"In order that the pressure of the worm against the rack may not force the opposite side of the worm against the opposite wall of the channel 2, it is desirable to provide such opposite wall with a flange or bearing 2ᵃ so arranged that the lower ends of the projections 12, 13 will engage therewith and thus protect the worm while holding the body and its associated parts central with respect to the channel."

The "means" specified was to engage with the body of the hook and to be so arranged as to preclude any engagement of the "means" with the worm. The drawings show a complete picture of the hook. In the middle lower portion of the hook body is journaled a worm, which extends parallel with the rack of the groove wall. On the end of this worm is a beveled pinion which meshes with a vertically disposed beveled gear, the upper end of which forms an arbor exposed on the face of the body, so that the beveled gear and worm can be turned by inserting a key. When the body drops into the groove one side of the worm intermeshes with the rack teeth, and when the beveled gear is operated the worm is rotated, and this movement is translated into longitudinal movement of the hook body in the groove of the base, thus pressing the clamp jaw against the printing plate. They also show the usual base, with grooves having a single rack on one side and a shoulder or flange on the other side for engaging the body of the hook. This shoulder or flange engages with the two projections 12 and 13 which are placed below the worm and in such position as to hold the worm against the rack and away from the wall opposite the rack.

The "means * * * for holding the worm up to its work against the rack bar" is expressly described and shown as engaging with the body of the hook, and so arranged as to avoid contact with the side of the worm opposite to the rack bar. Appellee's device holds the worm up to its work by a rack bar on the other side of the channel, which engages with the worm. Appellee accomplishes the holding of the worm up to its work not only by means mechanically different from the means claimed by appellant, but by

means which appellant sought to avoid, namely, contact with the opposite side of the worm. Appellant's means was specifically devised to hold the worm to its work by acting, not upon the worm, but upon certain portions of the body of the hook, while appellee's means acts directly upon the worm itself.

The decree is affirmed.